UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shawn Canada,

    Plaintiff,

v.

Olmsted County Community of Corrections, et al.,

    Defendants.

Case No. 21-cv-2120 (NEB/DTS)

**ORDER AND
REPORT AND RECOMMENDATION**

---

This matter is before this Court on pro se plaintiff Shawn Canada's civil complaint[1] (Dkt. No. 1), his application to proceed in forma pauperis (Dkt. No. 2), and his multiple related motions (Dkt. Nos. 5, 6, 8, 9). The exact nature of Canada's underlying factual allegations are difficult to discern, although he clearly lists an intent to rely on legal theories to include racketeering, tampering with a judicial officer, retaliation, and civil conspiracy. Because Canada is a prisoner, his complaint is subject to initial review under 28 U.S.C. §§ 1915A and 1915(e)(2)(b).

---

[1] The present matter is the third of eight cases Canada has filed in the last two months. *Canada v. All Members of Damascus Way, et al.*, 21-cv-1904 (SRN/LIB) ["*Canada I*"], *Canada v. Williamson, et al.*, 21-cv-2085 (DSD/TNL) ["*Canada II*"], *Canada v. Olmsted Cnty., et al.*, 21-cv-2120 (NEB/DTS) ["*Canada III*"], *Canada v. Davis, et al.*, 21-cv-2186 (JRT/HB) ["*Canada IV*"], *Canada v. Stehr, et al.*, 21-cv-2188 (SRN/ECW) ["*Canada V*"], *Canada v. Antony, et al.*, 21-cv-2204 (PAM/JFD) ["*Canada VI*"] (dismissed with prejudice for failure to state a claim), *Canada v. MCF-Faribault*, 21-cv-2228 (NEB/TNL) ["*Canada VII*"], *Canada v. Kroening*, 21-cv-2273 (SRN/KMM) ["*Canada VIII*"]. Canada also filed two prior civil actions, and two habeas corpus actions in this District. *See Canada v. Harleen*, No. 17-cv-1471 (JNE/SER) (D. Minn. 2017) (dismissed for failure to prosecute); *Canada v. Haugen et al.*, No. 18-cv-3182 (PAM/KMM) (D. Minn. 2018) (dismissed for failure to prosecute); *Canada v. Miles*, 17-cv-1043 (JNE/SER) (D. Minn. 2017) (dismissed with prejudice); *Canada v. Snell*, 19-cv-764 (JRT/SER) (D. Minn. 2018) (dismissed without prejudice for failure to exhaust state remedies).

## FINDINGS OF FACT

Canada's seven-page handwritten complaint contains very little detail about the facts underlying his legal claims. (Dkt. No. 1) (Compl.) He simply writes, "Please take notice: this document presented by Mr. Shawn Canada is fraudulent document and a pattern of racketeering activity and tampering with a judge of Olmsted County, request a civil action under," 42 U.S.C. § 1985, the invasion of privacy act, and 18 U.S.C. §§ 1512, 1513, 1961, and 1962. Compl. at 6-7. In support of his complaint, Canada submitted a document titled "Conditions of Release," dated December 11, 2020, that purportedly contains his special conditions for release to Damascus Way Rochester. (Dkt. No. 1-1). In conjunction with his complaint, he also submitted two documents labeled as affidavits. In the first he claims that he is "accusing these people in violations of racketeering, racketeer and corrupt organizations act 18 U.S.C. § 1961," and he appended a one-page medical lab report that shows a SARS-CoV-2 test result. (Dkt. No. 3, 3-1). In the second, Canada requests and authorizes the release of "all records of supervision unblocked by all Olmsted County corrections agents," and he "request to file criminal charges and ask for a civil remedy under 42 U.S.C. § 1985, 1983." (Dkt. No. 4).

Subsequent to filing his complaint, Canada has submitted a handful of additional documents. In a document filed October 5, 2021, Canada requests habeas corpus relief from his incarceration at the Minnesota Correctional Facility (MCF) Faribault, based on his allegations that he has not committed a crime and is being wrongfully imprisoned for a violation of special supervision. (Dkt. No. 5). In the habeas petition, Canada also requests a preliminary injunction against the Minnesota Department of Corrections (MNDOC) "conditions of release and special conditions, which are unconstitutional to a judicial court order, and is fraud." (*Id.* at 4).

On October 13, 2021, Canada submitted a "motion to add defendants," Dkt. No. 8, and a "motion to add pattern of racketeering," Dkt. No. 9.  In the "motion to add defendants," Canada writes, that he wants to add defendants that tampered with a witness to a jury trial requested on August 11, 2020.  (Dkt. No. 8 at 1).  He also writes, "malicious prosecution and punishment before trial.  Request for motion of acquittal, and civil remedies."  (*Id.*).  He attaches two speedy trial demands from state court dated August 11, 2010.  (Dkt. No. 8-2).  In the motion to add a pattern of racketeering activity, Canada asks to add members of MCF Faribault to his complaint.  (Dkt. No. 9).  In support of the motions, Canada submitted a 46-page "memorandum."  (Dkt. No. 11).  The memorandum is composed of various documents from state court including: two speedy trial demand motions (*Id.* at 3-4), one page of a postconviction relief motion (*Id.* at 6), and a lengthy memorandum of law bearing multiple state court case numbers (*Id.* at 10-46).  Within the memorandum, there is a 4-page document with the case number of the present case that lists 52 legal theories or terms without any factual narrative.  (*Id.* at 5-9).

Additionally, Canada has moved for the appointment of counsel, with a supporting memorandum.  (Dkt. Nos. 6, 7).  Canada also submitted a "motion for an evidentiary hearing," that does not contain a factual narrative, but has two pages attached titled "Minnesota Predatory Offender Change of Information."  (Dkt. Nos. 10, 10-1).

## CONCLUSIONS OF LAW

Canada is a prisoner, so his lawsuit is subject to review under the terms of 28 U.S.C. § 1915A(b).  Under Section 1915A(b), a court must dismiss part or all of a complaint if it fails to state a sufficient claim.  To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory.  In

3

reviewing whether a complaint states a claim on which relief may be granted, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."  *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear."  *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).  In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

Canada's complaint and supporting submissions are not sufficient to state a valid claim against any of the named defendants.  Canada's written allegations are no more than a bare recitation of legal theories, unadorned by even the simplest factual details.  In his primary complaint, he plainly writes that he is presenting a "fraudulent document and a pattern of racketeering activity and tampering with a judge."  Compl. at 6.  He

4

attaches a two-page conditions of release document that sheds no additional light on what he believes is 'fraudulent' or improper. (Dkt. No. 1-1). This Court is not required to "assume facts that are not alleged," in order to understand or strengthen the claims made against the defendants. *Stone*, 364 F.3d at 915. Without making assumptions about the defendants' potential conduct, or the possible problems with the terms of supervision Canada attached to his complaint, this Court cannot even begin to understand the basis for the numerous legal theories identified in the complaint.

Furthermore, even if this Court inferred that some aspect of the conditions of release were 'fraudulent' or unconstitutional, most of the legal theories Canada cites do not provide him with a basis to initiate federal litigation. This is true because Canada cites to statutes that provide for criminal relief—18 U.S.C. §§ 1512, 1513, 1961, and 1962 all sound in criminal law. Indeed, Canada wrote in one of the affidavits accompanying his complaint that he requests to file criminal charges. Unfortunately for Canada, private citizens have no right to demand the investigation or prosecution of criminal matters. *See Kunzer v. Magill*, 667 F.Supp.2d 1058, 1061 (D. Minn. 2009) (a private citizen does not have authority to initiate a criminal proceeding, or to seek to have a criminal proceeding opened against another person or entity), *citing Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another); *Alexander v. Sandoval*, 532 U.S. 275, 286 ("private rights of action to enforce federal law must be created by Congress."). Thus, to the extent this Court could reasonably infer that Canada is trying to initiate a criminal prosecution by filing this lawsuit, he cannot do so and such an attempt should be dismissed.

Aside from the criminal statutes he cites, Canada also makes passing reference to 42 U.S.C. §§ 1983 and 1985. Both are sections of the Civil Rights Act of 1871. Section 1983 allows a private citizen to recover for constitutional harm caused by someone acting under the color of state law, and Section 1985 allows a private citizen to recover if two or more persons conspire in a manner that may impair another's rights. 42 U.S.C. §§ 1983, 1985. However, "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) *quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a § 1983 claim, a plaintiff must identify a violation of his or her federal rights, *id.*, and he or she must also describe the individual role defendants played in causing said harm. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). As for a claim under Section 1985, that section prohibits five different types of conspiracy, three of which relate to federal institutions and processes, and two of which require plaintiff to show membership in a protected class. *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1429 (8th Cir. 1986). Canada has not made sufficient factual allegations to maintain a claim under either § 1983 or § 1985 because he has not made any factual allegations at all, let alone allegations that show the personal involvement of the defendants in causing him harm, interference with federal institutions or processes, or his membership in a protected class. Without pleading facts related to the legal theories he cites, Canada has failed to state a valid claim under either § 1983 or § 1985. Therefore, this Court recommends dismissal of all such claims for failure to adequately plead them.

Finally, Canada writes that he would like to bring a claim under the "invasion of privacy act." He offers no supporting facts, so as with his other claims, this claim is

6

insufficiently pled. This Court recommends that any privacy related claim be dismissed for failure to state a claim.

Turning briefly to Canada's supplemental submissions, Canada has not submitted anything that alters this Court's analysis of his original complaint. Canada's motion for habeas corpus relief (Docket No. 5) is improper in this case because a prisoner cannot combine his requests for civil and habeas relief in a single case. *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Feeney v. Auger*, 808 F.2d 1279, 1280-81 (1986). Additionally, he cannot seek habeas relief for an underlying criminal matter that has not been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). This Court will recommend denial of Canada's motion for habeas corpus relief because it is an improper attempt to combine habeas claims into a civil case.

As for Canada's motions to add parties (Dkt. No. 8) or claims (Dkt. No. 9), for appointment of counsel (Dkt. No. 6), and for an evidentiary hearing (Dkt. No. 10), this Court recommends that all motions be denied because the underlying case lacks merit. It is worth mentioning that neither the motion to add defendants nor the motion to add a claim contains any detail beyond that contained in the original complaint. Thus, these documents similarly fail to state a sufficient claim to proceed beyond Section 1915A review. As for the memorandum in support of the motion to add claims, it is a random collection of documents that contains a few pages listing more than 50 legal theories for relief. (Dkt. No. 11 at 5-9). This extensive list of theories does nothing to support Canada's complaint or additional claim(s) because bare legal allegations are not sufficient to state a claim. Thus, this Court denies all pending motions.

To conclude, Canada's entire complaint, and his many supplemental pleadings lack the requisite amount of detail to initiate federal litigation. A plaintiff cannot come to

7

federal court with a boilerplate listing of legal theories and random piecemeal documents that would require the court to somehow decipher the nature and scope of the facts that might support the listed claims. It is impossible for this Court to even guess at the potential facts giving rise to Canada's claims in this case, so it recommends that all claims against all parties be dismissed under Section 1915A(b) for failure to state a claim. Canada's litigation here, identifying more than 50 legal theories against at least 18 defendants is borderline abusive and frivolous. Thus, this Court does not believe that Canada should be given an opportunity to further amend his pleadings.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Canada's motions to add defendants (Dkt. No. 8) and his motion to add a claim (Dkt. No. 9) are **DENIED** because the documents fail to state an adequate claim.

2. Canada's motion to appoint counsel (Dkt. No. 6) is **DENIED** as moot.

## RECOMMENDATION

For the reasons set forth above, this Court RECOMMENDS THAT:

3. Canada's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** for failure to state a claim under Section 1915A(b).

4. Canada's application to proceed in forma pauperis (Dkt. No. 2) be **DENIED** as moot.

5. Canada's motion to grant habeas corpus relief (Dkt. No. 5) be **DENIED** because it is improper to join civil and habeas claims.

Dated: October 21, 2021                     ___s/David T. Schultz_____
                                            DAVID T. SCHULTZ
                                            U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).