# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAWN CANADA, | Case No. 21-CV-2120 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| OLMSTED COUNTY COMMUNITY OF CORRECTIONS, et al., | |
| Defendants. | |

This matter is before the Court on plaintiff Shawn Canada's timely objections to the Report and Recommendation of United States Magistrate Judge David T. Schultz. (ECF No. 14 ("Obj.").) Judge Schultz recommends dismissing Canada's Complaint for failure to state a claim under 28 U.S.C. Section 1915A. (ECF No. 13 ("R&R").)[1] For the reasons that follow, the Court accepts the R&R and dismisses the Complaint.

## BACKGROUND

*Canada's Complaint.* As noted in the R&R, Canada's Complaint contains little by way of factual allegations. (ECF No. 1 ("Compl."); R&R at 2.) Instead, the Complaint lists a string of legal theories for which Canada provides no factual support: fraud, racketeering, tampering with judges and witnesses under 18 U.S.C. Section 1512,

---

[1] Judge Schultz also ruled on a motion to add defendants and a motion to appoint counsel (ECF Nos. 6, 8; R&R at 8.) There has been no appeal of the ruling on those motions and so this Court will not address them.

retaliation under 18 U.S.C. Section 1513, a pattern of racketeering under 18 U.S.C. Section 1961, invasion of privacy under 18 U.S.C. Section 1962, the "invasion of privacy act," and the Civil Rights Act, 42 U.S.C. Section 1985. (Compl. at 6–7.) And it lists several defendants, all with addresses at the Olmsted County Government Center or the Minnesota Department of Corrections ("DOC").[2] (*Id.* at 1–5.) Canada attaches several documents to the Complaint, including a "Conditions of Release" document, which lists special conditions the state required when he was released from the state corrections facility. (ECF No. 1-1.) Nothing in this document supports Canada's claims. Also attached is a civil cover sheet citing 42 U.S.C. Section 1982 of the Civil Rights Act, the Freedom of Information Act, "employment" civil rights, fraud as a civil tort, and a "general" habeas corpus petition. (ECF No. 1-2.) This document similarly contains no factual allegations.

*Affidavits.* His next two filings, both labeled as affidavits, state that Canada accuses the defendants of various statutory violations and requests the release of his records to himself. (ECF Nos. 3, 4.) Canada also seeks a remedy under 42 U.S.C. Section 1983, adding to his claims under the Civil Rights Act. (ECF No. 4.) As with the Complaint, these filings contain no factual allegations. (ECF Nos. 3, 4.)

---

[2] Based on the addresses and the nature of Canada's claims, the Court assumes these defendants are employees of Olmsted County Corrections or DOC. Canada later attached a list with some of the Olmsted County defendant's business cards, which shows they are employees of Dodge-Fillmore-Olmsted County Community Corrections. (ECF No. 19 at 1.)

*Habeas Petition.* Canada next filed a petition seeking habeas corpus relief. (ECF No. 5.) He states that he committed no crime and that he is imprisoned for a violation of conditions of special supervision—failure to complete chemical treatment. (*Id.* ¶¶ 1, 3–4.) And Canada argues that his ongoing detention violates his due process rights, his Fifth and Eighth Amendment rights under the United States Constitution, and state law.

*Amendments.* Canada then requests to amend his Complaint[3] to add defendants to his claims under RICO, for obstruction of justice, for tampering with a witness, for malicious prosecution, and for punishment before trial. (ECF No. 8.) His request for amendment attaches a list of defendants and two state court speedy trial demands. (ECF Nos. 8-1, 8-2.) He also requests a "motion for acquittal" and civil remedies. (ECF No. 8.) He similarly requests to amend his Complaint to add members of MCF/Faribault as defendants for his claim for "pattern of racketeering activity." (ECF No. 9.) Magistrate Judge Schultz denied the motion to add defendants because the motion did not state a claim for relief against them. (ECF No. 12 at 7.) That denial has not been appealed.

Canada's memorandum in support of these motions starts with a three-page list of legal theories and contains an extensive factual statement covering events from January 2010 to February 2021.[4] (ECF No. 11 at 10–46.) While the factual statement about

---

[3] The Court treats all of Canada's subsequent filings as motions to amend the complaint. *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

[4] The Court accepts these factual allegations as true and draws all reasonable inferences in Canada's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

events over the past decade is not attached to the Complaint, the Court will consider it in reviewing the R&R. A summary of these events is as follows:

In 2010, Canada was convicted for criminal sexual conduct after accepting a plea agreement. He maintains that he did so under duress, and that the plea hearing was held after the speedy-trial deadline. (ECF No. 11 at 12–14.)

Canada was sentenced to 62 months imprisonment, though he expected to serve two-thirds of that sentence and understood that one-third could be served on supervised release if he received no disciplinary violations while in person. (*Id.*) He also understood that he would receive 10 years of supervised release and that he had to register as a predatory offender. (*Id.*) Although Canada alleges he knew about the 10-year term of supervised release, he also alleges that state officials violated state rules of criminal procedure and 18 U.S.C. Section 3563 by not including his term of supervised release during court proceedings. (*Id.* at 16–17.)

Canada served his prison sentence at St. Cloud State prison. (*Id.* at 19.) He began sex offender treatment and chemical dependency treatment, but completed neither. (*Id.* at 19–20.) He was released in September 2013, which began a period of supervised release that was to include sex offender treatment. (*Id.* at 22.) Canada asserts that the director of the treatment center was harassing him, and that he got conflicting messages from parole officers about where he could live and what the expectations were. (*Id.* at 23–24, 32.) More than once, he was returned to prison for violating supervised release, and then released

4

to begin treatment again. (*Id.* at 22–23, 25, 27–28, 30–32.) According to Canada, the conflicting messages on where he could live constituted a "scam, hoax, racketeering, conspiracy to commit a crime, [and] restraint of liberty." (*Id.* at 24.)

In 2018, Canada was charged with a new count of criminal sexual conduct. (*Id.* at 35–36.) He was returned to prison and alleges that he was kept in prison even after a state judge placed him on conditional release. (*Id.* at 37.) This, he alleges, violates his liberty interest. (*Id.*)

When he was set to be released, no beds where available at the treatment center. (*Id.* at 38.) Then, according to Canada, the underlying charges were dismissed, yet Canada was kept in prison because he did not have an address. (*Id.*) State officials allegedly "did not even try to find him a place." (*Id.*) Canada was later released to a different treatment center. He did not complete treatment and was arrested again. (*Id.* at 38–39.) Around this time, Canada's parole officer searched his phone without a warrant. (*Id.* at 39–40.)

In 2020 and 2021, Canada returned to prison and was released to treatment several times. (*Id.* at 45–46.) Canada alleges these actions were violations of his liberty. (*Id.*) In addition, Canada alleges that his public defender committed fraud and obstruction by not raising speedy trial violations, obstruction of justice, or any U.S. Constitutional claims in his state court appeals. (*Id.* at 33.) And he alleges that prosecutors sent fraudulent documents to Olmsted County judges in some of his cases. (*Id.* at 33–34.)

*December 1 Filing.* On December 1, after the R&R was issued, Canada filed an additional claim under the Minnesota Tort Claims Act, again alleging forgery of his signature on several Bureau of Criminal Apprehension ("BCA") documents by government employees. (ECF No. 17.) Attached to the motion are several documents on which Canada alleges state officials forged his signature. (ECF No 17-1.) All the documents are "Minnesota Predator Offender Change of Information" forms that ask for "current vehicle information." (*Id.*) None list any vehicle information. (*Id.*) Canada does not allege any damages resulting from this forgery. (ECF No. 17.) On February 9, Canada supplemented his December 1 filing with another document—a DOC "Offender Kite Form"—that he alleges an officer forged his signature on. (ECF Nos. 20, 20-1.) This document is also blank. (ECF No. 20-1.)

*January 21 Motions and Filings.* On January 21, Canada filed two more motions. (ECF No. 18 at 1–2, 5–7.) He filed a "Motion of All Defendants" which appears to be a motion to add defendants,[5] and a motion to report a crime and request a federal

---

[5] This motion lists DOC Commissioner Paul Schnell, Olmsted County Community Corrections All Staff, Damascus Way All Staff, including Dan Stehr and Dan Sepeda, Twin Town Treatment Center, DOC All Staff, Rochester Police Station, Ramsey County Police, Raleigh County Police, Olmsted County Detention Center, Ramsey County Detention Center, the BCA of Minnesota, the Attorney General of Minnesota Keith Ellison, the Raleigh County Detention Center, the Olmsted County Public Defenders David Haugen and Laura Traub, Calvin Miller, Chris Messerich, Maria Alderink, and Halie Rostberg at the DOC, Neal Jacobson of Stillwater Police Station, Attorney General Michael Everson, Administrative Law Judge Barbara Case, MCF/Faribault Staff Mrs. Paula Wageman, and Zumbro Valley Mental Health.

investigation. (*Id.* at 1–3, 5.) He also filed a document which he calls a Complaint, which contains no new factual allegations. (*Id.* at 4.) Canada attached several documents, including a page listing the names and contact information for Dodge-Fillmore-Olmsted County Community Corrections employees, and several DOC end-of-confinement reviews. (ECF No. 19 at 1–6.) And he attached a memorandum on the Blakely Rule, state and federal rules of criminal procedure, and the separation of powers. (*Id.* at 7–20.) In this memorandum, Canada argues that the lack of a statutory maximum on the length of special parole is unconstitutional and states that he needed to be informed of any maximum possible penalty before the guilty plea.[6] (*Id.* at 15.) He moves to have his sentence set aside for this reason. (*Id.* at 16.) He also cites "12 Dunnell Minn. Digest Criminal Law § 10.01" for the proposition that a plea agreement must be withdrawn if it is breached by the prosecutor's failure to fulfill a promise. (*Id.* at 19.) On top of release from prison, Canada seeks a restraining order against special conditions of release and a criminal and civil trial. (ECF No. 18 at 6–7.)

The R&R recommends dismissing all of Canada's claims because his complaint and supplemental pleadings lack the requisite detail for federal litigation. (R&R at 7.)

---

[6] Canada states that this is the law but does not state that his parole was indefinite nor that he was not informed of maximum possible penalties for his guilty plea. In fact, his other filings make clear that the state court sentenced him to 10 years of supervised release and suggest that he was informed that his confinement would be extended. (ECF No. 14-1 at 32 (indicating term of supervised release); ECF No. 11 at 13 (stating that he entered the guilty plea because his public defender told him he faced a long term of confinement).)

Canada objects to the R&R because: "1. Extortion & Embezzlement; 2. Claim of Civil Actions Presented; 3. Habeas Corpus is a Civil Action." (ECF No. 14 at 2.) He attached a document that includes: (1) further legal allegations listing the theories he is suing under; (2) a "Motion to Present a Claim" asserting various legal theories; (3) several BCA documents he alleges contain his forged signature; (4) state court demands for speedy trial in two separate cases; (5) various DOC documents; and (6) a motion to enforce his state court plea agreement. (ECF No. 14-1.)

In all of these documents, Canada appears to assert several claims: Canada's claims for relief under criminal statutes described in his complaint,[7] Civil Rights Act claims under 42 U.S.C. Sections 1982, 1983, and 1985, an allegation that the state violated his right to a speedy trial, an allegation that his Fifth Amendment right to due process was violated, tort claims for fraudulent misrepresentation against his parole officer, prosecutors, and his public defender, claims for forgery against Olmstead County

---

[7] Canada alleges witness tampering under 18 U.S.C. Section 1512, retaliation under 18 U.S.C. section 1513, racketeering under 18 U.S.C. Section 1961, prohibited activities under 18 U.S.C. Section 1962, (ECF Nos. 1, 3, 11 at 6), fraud, (ECF No. 5 at 3), destruction of government property under 18 U.S.C. Section 1361, obstruction of justice under 18 U.S.C. Sections 1506, 1509, 1510, 1512, 1513, 1514, 1514A, fraud, healthcare fraud, embezzlement, conspiracy, entrapment, tampering with a judge, forgery, malicious prosecution, excessive force, kidnapping, attempted murder, entrapment, conspiracy to interfere with civil rights, and tampering with mail. (ECF No. 11 at 5–8.)

Officials,[8] a Freedom of Information Act claim, a request for release of his own records, a claim under the "invasion of privacy act,"[9] and his habeas claims alleging various constitutional violations in the conditions of his current detention.

The Court considers these claims in parts. First, the Court considers the criminal claims. Second, the federal civil claims, including the FOIA claim, the Civil Rights Act claims, and the constitutional claims. Third, the motion to add defendants. Fourth, the Court considers claims under state law, including torts and claims under state statutes.

## ANALYSIS

### I.      Legal Standard

Because Canada is a prisoner seeking to proceed *in forma pauperis*, the Court may dismiss the case if he fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *see Goodroad v. Bloomberg*, 129 F.3d 121 (8th Cir. 1997) (per

---

[8] Canada also alleges several other tort claims, including false imprisonment, slander, defamation, and malicious prosecution. (ECF No. 11 at 7, 9.)

[9] There is no "invasion of privacy act." Invasion of privacy is a tort and a common law claim. *See Freeland v. Fin. Recovery Servs., Inc.*, 790 F. Supp. 2d 991, 995 (D. Minn. 2011) (describing invasion of privacy tort). There is a "Privacy Act" that governs the maintenance, use, and dissemination of government records. *See generally* 5 U.S.C. § 552a; (*see also* ECF No. 11 at 7 (citing "Privacy Act of 1974").) It requires that federal agencies give public notice of the records they keep and to let citizens access those records on request. 5 U.S.C. § 552a(e)(4). If an agency fails to respond to a request made under agency procedures, that person can bring a civil action against the agency. *Id.* § 552a(g)(1). Canada does not allege that he requested records from a federal agency in accordance with that agency's procedures, so even if he seeks relief under the Privacy Act, he has not stated a claim.

curiam) (applying Fed. R. Civ. P. 12(b)(6) standard of review to dismissal under 28 U.S.C. Section 1915(e)). The Court must "accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. In addition to the allegations in the amended complaint, we also may consider materials that are necessarily embraced by the pleadings." *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014) (cleaned up, citations omitted). Additionally, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 838–39 (cleaned up, citations omitted).

The Court treats Canada's additional motions as motions to amend his Complaint and considers all factual allegations in subsequent filings. *See Thornton v. Phillips Cnty.*, 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (holding that the district court should have treated objections to the R&R as a motion to amend).

The Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II.    Crimes

Canada raises several claims that are crimes. As the R&R properly noted, Canada may not initiate federal litigation for crimes; private citizens have no right to demand investigation or prosecution of criminal matters. *See, e.g., Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("[P]rivate citizens generally have no standing to institute

10

federal criminal proceedings.") (citing *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000)). So, to the extent Canada seeks criminal prosecution under 18 U.S.C. Sections 1512, 1513, 1961, and 1962, his claims must be dismissed.[10] Similarly, Canada's motion to report a crime, (ECF No. 18 at 5–6), is denied because plaintiffs have no right to demand an investigation or prosecution; a motion in court is not a way to report a crime to law enforcement.

### III.   Civil Claims

Canada also raises several civil claims under federal law. As described below, Canada does not allege facts to state a claim for relief under any of these claims.

#### A.   *Freedom of Information Act and Release of Records.*

Canada raises a claim under the Freedom of Information Act, (ECF No. 1-2), and seeks release of his records from the BCA. (ECF No. 4.) FOIA applies only to records of federal agencies and only gives this Court jurisdiction over requests for data from federal agencies. 5 U.S.C. §§ 551(1), 552(a); *see Mace v. EEOC*, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (finding that federal courts do "not have FOIA jurisdiction over a claim that a state agency withheld records"). Canada seeks records from state agencies and individuals employed by state agencies, so this Court lacks jurisdiction under FOIA. If

---

[10] Moreover, though some crimes may have a corollary in tort law, such as theft and conversion, none of these crimes have related civil causes of action, so the Court does not consider whether Canada has stated a claim for a similar civil cause of action. *See United States v. May*, 625 F.2d 186, 192 (8th Cir. 1980) (explaining similarities between tort and criminal conversion).

Canada seeks disclosure under state law, such a claim must be brought in state court, under state law, and following state procedures. *See generally* Minn. Stat. § 13.01–.90 (Minnesota Government Data Practices Act).

> **B.** **Sections 1982 and 1985**

Canada also raises claims under the Civil Rights Act sections 1982, 1983, and 1985. (Compl. at 6–7; ECF Nos. 1-2, 4.) Section 1982 gives all citizens the same right to hold property and prohibits any "racially motivated refusal to sell or rent." 42 U.S.C. § 1982; *City of Memphis v. Greene*, 451 U.S. 100, 121 (1981). Canada does not allege that any of the defendants discriminated against him when he sought housing, so he has not stated a claim under Section 1982.

Section 1985 prohibits five kinds of conspiracy to violate civil rights. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429 (8th Cir. 1986) (describing the types of conspiracy). Three of those categories require involvement by a federal institution or process, and Canada does not allege any involvement by federal actors, so he has not stated a claim under those categories. *Id.* The other two categories require an allegation that the plaintiff is a member of a protected class, which Canada has not alleged. *Id.* So Canada's claim under Section 1985 must be dismissed because his factual allegations do not support the claims.

C.      *Section 1983*

Section 1983 confers no rights; it allows a private citizen to recover if they are harmed by a violation of rights conferred elsewhere. 42 U.S.C. § 1983; *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To bring a Section 1983 claim, Canada must allege a constitutional right that was infringed. *See Albright*, 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.") (citation omitted). Section 1983 claims come in two varieties: individual-capacity claims and official-capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Any claims against a government entity itself must be official-capacity claims. *See id.* at 925 (explaining that the real party in interest in an official-capacity suit is the governmental entity). So to the extent that Canada's claim is brought against Olmsted County, the DOC, the police, or other government entities,[11] it is an official capacity claim.

Canada's claims against named individuals should be treated as official-capacity claims because Canada does not specify that he seeks to sue them in their individual capacity. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and

---

[11] The Court assumes for its analysis that Damascus Way is a state actor, though Canada does not allege it, because a private entity generally cannot violate a person's constitutional rights. *See, e.g., Brentwood Acad. v. Tenn. Secondary Sch. Ass'n*, 531 U.S. 288, 295 (2001) (explaining that state action is subject to Fourteenth Amendment scrutiny, but private action is only subject to the Fourteenth Amendment when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself") (internal quotations and citation omitted).

unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Thus Canada only raises official capacity Section 1983 claims.

*Eleventh Amendment.* Canada's Section 1983 claim against the DOC and the BCA are barred by the Eleventh Amendment. *See Upsher v. Roy*, No. 19-CV-1805 (MJD/HB), 2020 WL 2527108, at *3 (D. Minn. Apr. 15, 2020) ("The DOC is considered a state agency with Eleventh Amendment immunity."), *report and recommendation adopted*, 2020 WL 2526498 (D. Minn. May 18, 2020); *Soto v. John Defendants 1–5*, No. 13-CV-640 (DWF/SER), 2014 WL 1607615, at *1, *6–7 (D. Minn. Apr. 15, 2014) (finding that the Eleventh Amendment bars Section 1983 claims against the BCA), *aff'd, Soto v. Minn. Bureau of Crim. Apprehension*, 581 F. App'x 606 (8th Cir. 2014). Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Notwithstanding the phrase "another State," binding case law establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). Eleventh Amendment immunity also applies to claims against state agencies. *See, e.g., Monroe v. Ark. St. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

The issue is jurisdictional: under the Eleventh Amendment, federal courts generally lack subject-matter jurisdiction over claims against an unconsenting state. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (citing cases). Minnesota has not waived its immunity from suit in federal court for Section 1983 damages claims, and Congress did not abrogate that immunity by enacting Section 1983. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979). This Court lacks jurisdiction over Canada's official-capacity Section 1983 claims against Olmsted County and the State.

*Olmsted County and Damascus Way.* Canada's Section 1983 claim against Olmsted County and Damascus Way must be dismissed because he has not stated a claim for relief. A governmental entity's liability under Section 1983 can result from "(1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Corwin v. City of Indep.*, 829 F.3d 695, 699 (8th Cir. 2016)). None of Canada's filings allege any policy, custom, or failure to train or supervise, so Canada fails to state any official-capacity claim against Olmsted County or Damascus Way.

Because Canada's Section 1983 claim fails, his other constitutional claims fail too. Individuals generally cannot bring claims against state and municipal employees directly under the United States Constitution; instead, the claim must be under Section 1983. *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) (noting that Section 1983 "provides a means to vindicate rights conferred by the Constitution or laws of the United States"). So

Canada's claims alleging violations of his due process rights and violations of his right to a speedy trial must be dismissed.

## IV.     Motion to Add Defendants and Claims

Canada moved to add numerous defendants. (ECF No. 18 at 1–3.) His factual allegations mention only two of these defendants: Damascus Way and the BCA.[12] (*See generally* ECF No. 11.) As discussed above, Canada has not stated a claim against either defendant, so his motion to add Damascus Way and the BCA as defendants is denied because it is futile. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994) ("Good reason to deny leave to amend exists if amendment would be futile."). Similarly, Canada moves to add a claims of forgery, (ECF Nos. 17, 20), but because he cannot allege crimes the motion is also futile, so it is denied. *Id.*

## V.     State Law Claims

This Court may have subject-matter jurisdiction over claims in one of three ways. First, federal courts may consider questions arising under federal law. 28 U.S.C. § 1331 (giving federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). Second, the parties may be diverse—meaning they are citizens of different states—and the amount in controversy may be more than $75,000. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all

---

[12] The motion to add defendants is denied as to any other defendants, because it would be futile to add defendants without factual allegations against them.

civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."). Or, third, the Court may exercise supplemental jurisdiction over state law claims if it has subject-matter jurisdiction over related federal law claims. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.")

This Court has disposed of all of Canada's federal law claims and there is no diversity among parties, so the Court lacks jurisdiction to hear Canada's state-law claims and declines to exercise supplemental jurisdiction. The Court thus dismisses Canada's state law claims without prejudice.[13]

## VI.    Habeas Petition

Canada also moved to add a habeas petition to his suit. (ECF No. 5.) Although not entirely clear, he appears to allege that he is being unlawfully imprisoned after being found in violation of his release conditions and for failing to complete chemical treatment, for which he will not be released until he completes his 18-month sentence or chemical treatment. (*Id.* at 2.)

---

[13] Because this Court finds Canada has not stated a claim, his request for a restraining order is also denied. *See* Fed. R. Civ. P. 65 (requiring specific facts establishing irreparable harm to issue a temporary restraining order).

The R&R recommends denying this motion because a habeas petition may not be joined with a civil claim. (R&R at 7 (collecting cases).) The Third Circuit has adopted a rule that civil claims and habeas petitions should generally be brought in separate actions. *See Burnam v. Marberry*, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) (noting that the district court "should not have combined the habeas action and the claims under the Privacy Act and APA into a single case. A better approach would have been to dismiss the habeas petition without prejudice and to focus on the alleged statutory violations . . .") (citations omitted). Some courts in this district also apply this rule. *See Smith v. Fikes*, No. 20-CV-1294 (JRT/TNL), 2020 WL 6947848, at *1 (D. Minn. Oct. 12, 2020) (noting incompatible rules for discovery, service of process, and filing fees for civil complaints and habeas petitions), *report & recommendation adopted*, 2020 WL 6947433 (D. Minn. Nov. 25, 2020); *Malcom v. Starr*, No. 20-CV-2503 (MJD/LIB), 2021 WL 931213, at *2 (D. Minn. Mar. 11, 2021) (citing *Smith*). But the Second Circuit declined to adopt such a rule. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (stating that it was unaware of "a basis . . . for the view that a petitioner may not seek relief under both a habeas statute and § 1983 in a single pleading"). This Court will join others in this district and require that Canada's habeas claims be brought in a separate proceeding because of the differences between a habeas petition and a civil complaint. *Smith*, 2020 WL 6947848, at *1. The Court thus dismisses Canada's habeas petition without prejudice.

Based on the foregoing, and on all the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT:

1.      Canada's objection (ECF No. 14) is OVERRULED;

2.      The Report and Recommendation (ECF No. 13) is ACCEPTED;

3.      The Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;

4.      The motions (ECF No. 18) are DENIED:

     a.   The motion to report a crime (ECF No. 18 at 5) is DENIED;

     b.   The motion to add defendants (ECF No. 18) is DENIED;

     c.   The request for a restraining order against special conditions (ECF No. 18 at 6–7) is DENIED;

5.      The motion to add a claim of forgery (ECF No. 17) is DENIED;

6.      The motion to file a complaint (ECF No. 20) is DENIED;

7.      The application to proceed *in forma pauperis* (ECF No. 2) is DENIED AS MOOT;

8.      The petition for writ of grant habeas corpus (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.


LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 1, 2022                            BY THE COURT:

                                                s/Nancy E. Brasel
                                                Nancy E. Brasel
                                                United States District Judge